IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GLEN EARL CLAIBORNE,
    Plaintiff,

            v.

JPMORGAN CHASE BANK, N.A.,
    Defendant.

Civil Action No.
1:18-cv-05542-SDG

## OPINION AND ORDER

Before the Court is the Final Report and Recommendation (R&R) of United States Magistrate Judge Christopher C. Bly [ECF 299]; Plaintiff Glen Earl Claiborne's [ECF 302] objections to the R&R; various requests for relief filed by Claiborne [ECF 301; ECFs 303–309]; and Defendant JP Morgan Chase Bank, NA's (JPM) motion to strike certain of Claiborne's motions for relief [ECF 310]. For the reasons stated below, the Court **OVERRULES** Claiborne's objections and **ADOPTS** the R&R in its entirety. Claiborne's requests for relief are **DENIED as moot**, as is JPM's motion to strike.

## I.  Background

As noted in the R&R, the details of this case are long and involved; it is not necessary to recount them all here. Instead, the Court summarizes only those matters relevant to its consideration of the R&R. On August 22, 2022, Judge Bly entered the R&R, which addressed numerous pending motions, including

Claiborne's second and third motions for summary judgment and a summary judgment motion by JPM.[1] The R&R recommended that JPM's motion be granted and that Claiborne's be denied.[2] Claiborne objected to the R&R on September 6.[3]

On August 23, Claiborne filed a request that his motion to strike various motions filed by JPM be granted as unopposed.[4] On September 13, he filed a motion to stay and for the Court to order that the parties mediate.[5] He filed a "corrected" version of that motion on September 14.[6] Also on September 14, Claiborne filed a motion for relief from judgment under Rule 60, seeking leave to refile a prior motion challenging the Court's decision to set aside the entry of default against JPM.[7] On September 19, he filed a second motion for relief from judgment under Rule 60 based on a variety of alleged errors, along with a supporting affidavit.[8] On September 26, Claiborne filed a motion for a "[h]earing

---

[1]   ECF 299, at 1–2.

[2]   *Id.* at 2.

[3]   ECF 302.

[4]   ECF 301 (concerning ECF 298).

[5]   ECF 303.

[6]   ECF 304.

[7]   ECF 305.

[8]   ECF 306; ECF 307.

on the merits with a counselor" and a supporting affidavit.[9] These post-R&R motions seek relief similar to that raised in Claiborne's objections to the R&R. On September 28, JPM filed its motion to strike the motions Claiborne filed from September 13–26.[10]

## II.    Applicable Legal Standard

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The Court reviews *de novo* any portion of a report and recommendation that is the subject of a proper objection and reviews any portion to which there is no objection for clear error. 28 U.S.C. § 636(b)(1). The Court need not consider frivolous, conclusive, or general objections. *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)). A district court has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 680 (1980); *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009).

---

[9]    ECF 308; ECF 309.

[10]    ECF 310.

### III.    Discussion

Although Claiborne raises numerous objections to the R&R, the exact nature of many of those objections is unclear and most are frivolous attempts to rehash matters on which the Court has already ruled. To the extent the Court is able to discern the bases for his objections, Claiborne appears to assert that Judge Bly erred by: (1) recommending that JPM's summary judgement motion be granted; (2) purportedly ignoring certain procedural requirements; (3) denying Claiborne's unopposed motions; (4) denying Claiborne leave to amend his pleading; (5) denying Claiborne's request for counsel; and (6) denying Claiborne the right to go to trial.[11] However, Claiborne has not raised any non-frivolous objection or identified any clear error that warrants rejecting the R&R's conclusions—including that Claiborne's second and third motions for summary judgment should be denied and JPM's motion for summary judgement be granted.[12]

### A.    Summary Judgement

Claiborne objects to the magistrate judge's recommendation that JPM's motion for summary judgement be granted because he claims there is a disputed

---

[11]   *See generally* ECF 302.

[12]   ECF 299, at 50.

issue of material fact.[13] He argues JPM falsely claimed he was in default on his home equity line of credit because he maintains he made four payments between June and September 2017 that were misapplied by JPM and the alleged $100,000 remaining principal balance is "incorrect."[14]

An attempted wrongful foreclosure claim exists when, during an uncompleted foreclosure action, a defendant makes a knowing and intentional publication of untrue and derogatory information concerning the debtor's financial condition, and the debtor sustained damages as a direct result of the publication. *Sparra v. Deutsche Bank Nat'l Tr. Co.*, 336 Ga. App. 418, 421 (2016). Judge Bly concluded that Claiborne admitted the facts supporting JPM's summary judgment motion because he failed to properly respond to them with citations to admissible evidence.[15] Thus, the R&R found that Claiborne was in default during the times he alleges JPM improperly advertised his property was in foreclosure.[16] Any publication or advertisement stating Claiborne was in default would therefore have been accurate.[17] *See Ezuruike v. Bank of N.Y. Mellon,* No. 1:11-cv-

---

[13]   ECF 302, at 1.

[14]   *Id.* at 1, 8.

[15]   ECF 299, at 15.

[16]   *Id.* at 33–38.

[17]   *Id.* at 35.

4030-JEC, 2012 WL 3989961, at *2 (N.D. Ga. Sept. 11, 2012) (dismissing wrongful attempted foreclosure claim where the plaintiff made "no plausible allegation that he was not in default and therefore a foreclosure notice suggesting that he was could not falsely impugn the plaintiff's financial condition").

Claiborne has not pointed to any *evidence* showing there is a dispute of material fact relevant to the R&R's conclusions in this regard. Claiborne's insistence without evidence that he was not in default is simply not enough at this stage to show a dispute of material fact sufficient to overcome JPM's entitlement to summary judgment or to establish that his own summary judgment motions should have been granted.

There is some evidence suggesting that Claiborne made payments to Chase in September and October 2017 totaling $900.[18] He also points to a March 7, 2019 publication advertising the property for sale.[19] That notice indicates the principal amount on the loan was $172,800.[20] Claiborne has not presented any evidence supporting his assertion that this principal amount is "incorrect."[21] And none of

---

[18]   ECF 264-1, at 11–12; ECF 302, at 201.

[19]   ECF 264-1, at 13–14; ECF 302, at 213–14.

[20]   ECF 302, at 213.

[21]   ECF 302, at 8.

this shows a dispute of material fact about whether Claiborne was in default on the loan after September 1, 2017 or at any point when the allegedly false publications were made. In fact, as of May 24, 2022, the total amount necessary to pay off the loan was $214,044.44.[22] A "[f]ailure to make the proper loan payments or tender the amount due defeats any wrongful foreclosure or attempted wrongful foreclosure claims." *White v. Bank of Am., N.A.*, No. 1:12-cv-3834-WSD, 2013 WL 1963786, at *3 n.11 (N.D. Ga. May 10, 2013). JPM is entitled to summary judgment in its favor and Claiborne is not.

### B.    Procedural Objections

Claiborne makes several procedural objections to the R&R.

### 1.    Reliance of Florida State Law

Claiborne seems to object that the magistrate judge failed to follow Florida state law concerning the standard for summary judgment and that, because JPM did not follow those rules, its summary judgment motion should be denied.[23] This attempt to rely on Florida law is misplaced and the Court need not consider it. *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 410 (2010) (holding that, if a Federal Rule regulates procedure, it is valid in all jurisdictions

---

22    *Id.* at 247; ECF 268-5.

23    ECF 302, at 12–13, 15, 18.

regardless of incidental effects upon state-created rights); *Hanna v. Plumer,* 380 U.S. 460, 465–66 (1965) (holding federal courts apply federal procedural law).

### 2. Fair Notice

Claiborne objects that he was not given fair notice of JPM's summary judgment motion "as required by the Local Rules."[24] Whether or not the form notice of summary judgment was served on Claiborne, it is clear that he was aware of JPM's motion and of his need to respond to it.[25] In fact, Claiborne improperly filed *several* responses to that motion.[26] There was no error in the R&R's conclusion that Claiborne had adequate notice and was not prejudiced by any alleged failure to receive the form.[27] Nor would Claiborne's alleged failure to receive the notice form provide a basis for the Court to deny JPM's motion for summary judgment or to grant Claiborne's own. *Cf. United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.,* 363 F.3d 1099, 1101 (11th Cir. 2004) (holding the district court cannot grant a motion for summary judgment "on the mere fact that

---

[24] *Id.* at 14.

[25] ECF 299, at 26.

The form, available on the Court's website, informs a party of the need to respond to a summary judgment motion. https://www.gand.uscourts.gov/ commonly-used-forms.

[26] ECF 278; ECF 279; ECF 289.

[27] ECF 299, at 26.

the motion was unopposed"); *Hurst v. Youngelson*, 354 F. Supp. 3d 1362, 1382

(N.D. Ga. 2019) (same).

### 3.  Pleading Requirements

Claiborne also objects to the R&R on the basis that he is not required to plead

every element of each claim for relief and only needs to give JPM fair notice of his

claim.[28] That, however, is a pleading standard and this case is well beyond that

point. At summary judgment, since JPM met its burden, Claiborne was required

to present *evidence*—not argument—showing either (1) a genuine issue of material

fact or (2) that JPM was not entitled to judgment as a matter of law. *Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 324 (1986). He failed to do so and there is no error in the

R&R's conclusion otherwise.

### C.  Unopposed Motions

Claiborne maintains that Judge Bly erred in recommending that certain of

his unopposed motions be denied.[29] As the R&R aptly explains, one of the filings

was not a motion at all but rather a cease-and-desist letter from Claiborne to JPM's

counsel.[30] Further, the fact that a motion is unopposed does not compel the Court

---

[28]  ECF 302, at 9.

[29]  ECF 302, at 18 (citing ECF 299, at 45).

[30]  ECF 299, at 46 (discussing ECF 276).

to grant it without considering its merits. *See, e.g., Santiago v. Honeywell Int'l, Inc.*, Case No. 16-cv-25359-Cooke/Goodman, 2022 WL 1135705 (S.D. Fla. Apr. 18, 2022) (adopting recommendation to grant in part and deny in part unopposed bill of costs); *Saadi v. Maroun*, Case No. 8:07-cv-1976-SCB-JSS, 2022 WL 1738018 (M.D. Fla. Mar. 25, 2022) (granting in part and denying in part an unopposed motion to alter or amend a judgment). Claiborne does not cite any case law suggesting otherwise. Nothing in Claiborne's objections explains why the other motions he contends are unopposed[31] are meritorious. Nor does Claiborne explain how JPM's failure to respond to *those* motions suggests that it somehow admitted the facts asserted in Claiborne's second and third summary judgment motions—to which JPM *did* respond.[32] There was no error in Judge Bly's denial of Claiborne's unopposed motions.

### D.    Leave to Amend

Claiborne objects to the denial of his request for leave to amend his pleading.[33] The Court has already ruled that his requests did not meet the good

---

[31]   ECF 263; ECF 266; ECF 275; ECF 282.

[32]   ECF 250; ECF 272.

[33]   ECF 302, at 18.

cause standard because of his undue delay and the prejudice to JPM, and were properly denied.[34]

### E. Denial of Appointed Counsel

Claiborne objects to the magistrate judge's rejection of his request to be appointed counsel as a denial of his Sixth and Fourteenth Amendment rights.[35] But "[a] plaintiff in a civil case has no constitutional right to counsel." *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). Courts have broad discretion to appoint counsel for indigent plaintiffs; it is a "privilege" justified only in "exceptional circumstances." *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987)). Such circumstances exist when "the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Dean*, 951 F.2d at 1216. The Court concludes that the facts and legal issues related to Claiborne's sole surviving claim for wrongful attempted foreclosure were not so novel or complex that the appointment of counsel was appropriate. There was no error in the R&R's conclusion in this regard.[36]

---

34    ECF 254, at 6–9.

35    ECF 302, at 17.

36    ECF 299, at 13.

### F.     Trial

Finally, Claiborne objects that he has been denied his right to a jury trial.[37] No constitutional right is violated when summary judgment is granted against a party who fails to make the rule-required demonstration that a dispute of material fact exists that a trial could resolve. *Garvie v. City of Ft. Walton Beach, Fla.*, 366 F.3d 1186, 1190 (11th Cir. 2004). "It is beyond question that a district court may grant summary judgment where the material facts concerning a claim cannot reasonably be disputed." *Id.* Because Claiborne has not shown a dispute of material fact, JPM is entitled to entry of judgment in its favor. There was no error in the R&R's recommendation in this regard.

### G.     Post-R&R Motions

Claiborne's unopposed motion for his motion to strike JPM's then-pending motions[38] was denied in the R&R and is moot in any event.[39] His motion to stay and for the Court to order the parties to mediate is moot.[40] His first motion for relief under Rule 60 about the conduct of discovery is moot.[41] His second motion

---

[37]  ECF 302, at 17.

[38]  ECF 301 (concerning ECF 298).

[39]  ECF 299, at 43–45.

[40]  ECF 303; ECF 304 (corrected).

[41]  ECF 305.

for relief under Rule 60 concerning the non-final R&R issued on January 22, 2021[42] is really a far out-of-time, improper objection; the motion is therefore moot. Claiborne's motion for a hearing with appointed counsel is moot.[43] Because the Court concludes that these various requests for relief are moot, JPM's motion to strike them is also moot.

## IV.    Conclusion

Claiborne's objections [ECF 302] are **OVERRULED**, and the Court **ADOPTS** the R&R [ECF 299] in its entirety as the Order of this Court. Claiborne's remaining motions [ECF 301; ECF 303; ECF 304; ECF 305; ECF 306; ECF 308] are **DENIED as moot**. JPM's motion to strike is **DENIED as moot**. The Clerk is **DIRECTED** to enter judgment in favor of Defendant and close this case. This action is **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this 30th day of September, 2022.

_____
Steven D. Grimberg
United States District Court Judge

---

[42]    ECF 306.

[43]    ECF 308.